IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAUTIFUL SLIDES, INC., et al.,<br><br>    Plaintiff,<br><br>v.<br><br>MAY ALLEN,<br><br>    Defendants.<br>MAY ALLEN,<br><br>    Counterclaimant,<br><br>v.<br><br>BEAUTIFUL SLIDES, INC., et al.,<br><br>    Counterdefendants. | Case No. 17-cv-01091-MMC<br><br>**ORDER GRANTING COUNTERDEFENDANTS' MOTION TO DISMISS COUNTERCLAIMS**<br><br>Re: Dkt. No. 38 |

Before the Court is counterdefendants Beautiful Slides, Inc. and Mitch Grasso's (hereinafter, "Beautiful Slides") motion, filed October 2, 2017, to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the First through Fourth Causes of Action in counterclaimant May Allen's ("Allen") Amended Counterclaim. Allen has filed opposition, to which Beautiful Slides has replied. The matter came on regularly for hearing on December 1, 2017. William J. Frimel of Seubert French Frimel & Warner LLP appeared on behalf of Beautiful Slides. Gregory J. Wood and Leyla Pasic of Wood Robbins LLP appeared on behalf of Allen.

1  The Court, having considered the parties' respective written submissions and the
2  arguments of counsel at the hearing, rules as follows.
3  As set forth on the record at the hearing, the viability of each of the challenged
4  claims is dependent on Allen's alleging facts sufficient to show the formation of a
5  partnership or joint venture.
6  As set forth in the Court's order dismissing the First through Fourth Causes of
7  Actions as initially pleaded:

> Under California law, a partnership is defined as "the association of two or more persons to carry on as co-owners a business for profit," see Cal. Corp. Code § 16202(a), and a joint venture is defined as "an undertaking by two or more persons jointly to carry out a single business enterprise for profit," see Weiner v. Fleischman, 54 Cal. 3d 476, 482 (1991) (internal quotation and citation omitted). "From a legal standpoint, both relationships are virtually the same," and either "may be formed orally or assumed to have been organized from a reasonable deduction from the acts and declarations of the parties." See id. at 482-83 (internal quotation and citation omitted).

14  (See Order, filed August 31, 2017, at 6:15-22.)
15  Each relationship requires "the right of joint participation in the management and
16  control of the business." See Kaljian v. Menezes, 36 Cal. App. 4th 573, 586 (1995). To
17  the extent a difference exists, it pertains to the significance of profit sharing. In particular,
18  profit sharing is a "requisite element" of joint ventures, see Simmons v. Ware, 213 Cal.
19  App. 4th 1035, 1053 (2013) (characterizing parties' "understanding as to the sharing of
20  profits and losses" as "requisite element[] for a joint venture"), whereas, with respect to
21  partnerships, as pointed out by Allen's counsel at the hearing, profit sharing constitutes
22  evidence of such relationship, but is no longer an element thereof, see Holmes v. Lerner,
23  74 Cal. App. 4th 442, 454 (1999) (characterizing "profit sharing" as "evidence of a
24  partnership, rather than a required element of [its] definition").[1]

---

[1] At the suggestion of Allen's counsel, the Court, subsequent to the hearing, has reviewed the facts set forth in Holmes v. Lerner. Having done so, the Court finds the circumstances discussed therein are considerably different from those alleged here. See Holmes, 74 Cal. App. 4th at 448, 449 n.4 (noting, inter alia, defendant defined plaintiff's "role" as "'anything you want it to be,'" and plaintiff regularly participated in board meetings, had authority to hire and fire employees and to sign checks on company's

In the instant case, for the reasons stated on the record at the hearing, the Court finds Allen has failed to allege facts sufficient to show the existence of either a partnership or joint venture.

Accordingly, Beautiful Slides' motion is hereby GRANTED and Allen's First through Fourth Causes of Action are hereby DISMISSED without further leave to amend.

**IT IS SO ORDERED.**

Dated: December 4, 2017

MAXINE M. CHESNEY
United States District Judge

---

account, and negotiated contract with third party).

3