Gregory J. Wood (200780)
gwood@woodrobbins.com
B. Douglas Robbins (219413)
drobbins@woodrobbins.com
Danielle Kendrick (287790)
dkendrick@woodrobbins.com
WOOD ROBBINS, LLP
One Post Street, Suite 800
San Francisco, California 94104
Telephone:   415.247.7900
Facsimile:    415.247.7901

**Attorneys for Defendant and Counterclaimant MAY ALLEN**

William J. Frimel (160287)
bill@sffwlaw.com
SEUBERT FRENCH FRIMEL
& WARNER LLP
1075 Curtis Street
Menlo Park, CA 94025
Telephone:   (650) 322-3048
Facsimile:    (650) 833-2976

**Attorneys for Plaintiffs and Counterclaim-Defendants BEAUTIFUL SLIDES, INC. and MITCH GRASSO**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAUTIFUL SLIDES, INC., a Delaware corporation; and MITCH GRASSO, an individual,<br><br>        Plaintiffs,<br><br>v.<br><br>MAY ALLEN, an individual,<br><br>        Defendant.<br><br>AND RELATED CROSS ACTION | Case No. 3:17-cv-01091-MMC (LB)<br><br>**LETTER BRIEF RE DEFENDANT AND COUNTERCLAIMANT MAY ALLEN'S MOTION TO COMPEL DEPOSITION OF MITCH GRASSO**<br><br>Date:        No Hearing Required<br>Time:       No Hearing Required<br>Ct. Rm.:    C<br>Judge:      Laurel Beeler |

December 8, 2017

Magistrate Judge Laurel Beeler
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:  *Beautiful Slides, Inc. v. Allen*, No. 3:17-cv-01091-MMC (LB) (N.D. Cal. 2017)
Letter Brief Moving to Compel Appearance at Deposition

Dear Magistrate Judge Beeler:

Pursuant to your Discovery Standing Order, the following is a Letter Brief of the parties regarding Defendant and Counterclaimant May Allen's motion to compel the appearance of Plaintiff Mitch Grasso at a deposition.

SUBMITTED BY THE UNDERSIGNED:

Dated: December 8, 2017    WOOD ROBBINS, LLP

By: *[signature: Douglas Robbins]*
B. Douglas Robbins (219413)
**Attorneys for Defendant and Counterclaimant MAY ALLEN**

Dated: December 8, 2017    SEUBERT FRENCH FRIMEL & WARNER, LLP

By: //s//
William J. Frimel (160287)
**Attorneys for Plaintiffs and Counterclaim-Defendants BEAUTIFUL SLIDES, INC. and MITCH GRASSO**

Under Local Rule 5-1(i)(3), the filer of the instant document hereby attests that concurrence in the filing of the document has been obtained from each of the other Signatories of this document.

Dated: December 8, 2017    By: *[signature: Douglas Robbins]*
B. Douglas Robbins

## BACKGROUND FACTS
### (As Recounted by May Allen)

**May Allen Schedules Grasso's Deposition.**  On August 18, 2017, Counterclaimant Allen requested Mr. Grasso's availability for depositions the week of August 28, 2017.  Counsel responded five days later, refusing to provide a date and suggesting that "Mr. Grasso should [not] be deposed before the pleadings are settled." E-mail from Bill Frimel, to Greg Wood (Aug. 23, 2017).

Allen responded, citing law for the proposition that Plaintiffs then Rule 12(b)(6) motion to dismiss does not stay discovery. Allen also noted the time press to engage in discovery to aid settlement prior to the scheduled December 5, 2017 mediation. Allen offered to "reasonably reschedule the deposition to fit defense counsel's and Mr. Grasso's respective calendars." E-mail from Greg Wood, to Bill Frimel (Aug. 23, 2017).

Later in the day, on August 23, 2017, Plaintiffs argued that although Allen had not yet propounded her document request, Grasso would nonetheless be without sufficient time to collect and produce the documents (not yet) sought. Grasso further reiterated his belief that a deposition was "premature" in light of the motion to dismiss.  E-mail from Bill Frimel, to Greg Wood (Aug. 23, 2017). Grasso still declined to offer a date for his deposition.

The next day, Allen noticed Grasso's deposition for September 6, 2017. Grasso served Responses and Objections to the Notice of Deposition on August 30, 2017, noting, "Plaintiffs will not make Grasso available for a deposition, or produce documents, on September 6, 2017" reiterated his objection that a deposition was premature given the pending motion to dismiss Pls. Obj. to Def. Req. for Produc. of Doc. at 2, Aug. 30, 2017.

Out of an abundance of caution and to avoid discovery fights about proper notice, Allen re-noticed Grasso's deposition for October 23, 2017. Allen re-propounded a document demand identical to the one served with her August 24, 2017 deposition notice. Allen also suggested that they could find a new date if October 23 did not work, explaining, "if you change your mind and decide to actually produce your client, and that date does not work for you, by all means let me know and we will find a new date." E-mail from Greg Wood, to Bill Frimel (Sept. 22, 2017).

In the Parties' subsequent meet and confer, Grasso continued to refuse to appear for his deposition, again arguing that the deposition was "premature" due to Plaintiffs then-pending Rule 12(b)(6) motion to dismiss. Pl. Amend. Resp. and Obj. to Def. Not. of Dep. of Pl. Mitch Grasso and Req. for Produc. of Doc. at 2, Oct. 18, 2017 [hereinafter Amend. Depo. Obj.].

**In- Person Meet and Confer.** During the in-person meet and confer on November 21, 2017, lead counsel for Plaintiffs, Bill Frimel met with lead counsel for Allen, Douglas Robbins. Allen (through counsel) again asked Plaintiffs to suggest dates convenient for Grasso. Grasso (through counsel) declined to offer any dates and declined to commit to showing up to his lawfully noticed deposition until the resolution of Plaintiffs's then-pending Rule 12(b)(6) motion. Grasso acknowledged that there was no stay of discovery, and failed to offer any authority for the proposition that a party may unilaterally stay discovery, arguing simply that the Court was authorized to stay discovery and that the Court might very well do so in the future.

**Magistrate Judge Laurel Beeler**
**December 8, 2017**

## DEFENDANT / COUNTERCLAIMANT MAY ALLEN'S ARGUMENT

**Legal Standard**. "The Federal Rules of Civil Procedure do not provide for stays of discovery simply because a motion to dismiss is pending." *Novelposter v. Javitch Canfield Group*, 2014 WL 12618174 (N.D. Cal. 2014); *see also Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation"). Here, Grasso has decided to implement his own stay of discovery pending a decision on Plaintiff's then-filed Rule 12(b)(6) motion to dismiss. While the Court has discretion to stay discovery, the onus is on the party resisting discovery to seek a stay—not simply implement his own stay by refusing to appear. *See Gray*, 133 F.R.D. at 40 ("A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied.") (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

**Burden on Deposed Party**. Moreover, discovery stays are regarded unfavorably by district courts and require a "strong showing" of "good cause," neither of which exist here. *Gray*, 133 F.R.D. at 40; *see also Novelposter*, 2014 WL 12618174 at *1; *Blakenship*, 519 F. 2d at 429; Fed. R. Civ. P. 26(c)(1). Plaintiffs failed to file a Motion to Stay Discovery or a Motion for Protective Order. Fed. R. Civ. P. 37(d)(2) ("A failure described in Rule 37(d)(1)(A) [which includes a failure to appear for deposition] is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."). A stay is not presumed to exist in the absence of a motion.

**Not Mooted By Order**. On December 4, 2017 Judge Chesney issued her Rule 12(b)(6) Order dismissing Allen's state law claims without leave to amend. *See* Order Granting Counterdefendants' Motion to Dismiss Counterclaims, Dec. 4, 2017, ECF No. 49. Grasso had previously represented that once Chesney issued her Order, Plaintiffs would be happy to schedule Grasso's deposition.

But as of late, Grasso has reversed course arguing, that even upon Chesney's order "settling" the pleadings, Plaintiffs would still not produce Grasso for deposition unless Allen agreed to waive her rights to appeal. Grasso's counsel writes: "I propose we resolve the discovery dispute by scheduling Mr. Grasso's deposition on a mutually available date in January, 2018 . . . [if] Defendant May Allen confirms that she will not seek appellate review of the order." E-mail From Bill Frimel to Douglas Robbins (Dec. 3, 2017). Grasso believes that Allen should have to waive her appellate rights simply to conduct discovery. Allen disagrees.

**Latest Meet and Confer**. After the Parties' in-person meet and confer, and after Parties exchanged these preliminary Letter Briefs, Plaintiffs reversed position again—in argument below—now withdrawing the contingency that Allen waive her appellate rights, but imposing two *new* conditions prior to Grasso's appearance (1) that Grasso be deposed "only once" and that (2) Allen stipulate to the confidential nature of unknown, unproduced documents such that Allen, our client, cannot see them because they would be deemed AEO. Space limitations in this letter brief prevent a fuller discussion, but in short, these brand new conditions, raised just yesterday by Plaintiffs seek to conflate document production and an AEO dispute as reasons for Grasso's nonappearance (or non-second appearance after refusing to produce documents at his first

**Magistrate Judge Laurel Beeler**
**December 8, 2017**

appearance). None of these arguments are reasons for Grasso to not appear. These new conditions are themselves evidence of Plaintiffs ongoing obstruction of discovery.

**Relief.** For the forgoing reasons May Allen requests the Court to enter an order (1) compelling Mitch Grasso to appear for video-deposition at the law offices of Wood Robbins LLP, 1 Post Street, Suite 800, San Francisco, CA 94104, within fifteen days of entry of this Order; (2) to produce documents sought under the notice of deposition; and (3) to pay sanctions in an amount determined by the Court under the concurrently filed letter brief for sanctions.

### PLAINTIFF / COUNTER-DEFENDANT Mitch Grasso'S ARGUMENT

Allen's briefing relies on the incorrect premise that Plaintiffs and Counterclaim-Defendants Beautiful Slides, Inc. and Mitch Grasso ("Plaintiffs") have refused to permit Allen to depose Grasso unless Allen "waive[s] her appellate rights." (*See* p. 2 *supra*.) Plaintiffs do not take such a position. Plaintiffs' counsel made clear that Plaintiffs are agreeable to holding Grasso's deposition on a mutually acceptable date in January 2018, provided Allen agrees that (1) any documents Plaintiffs produce that they designate as "attorneys' eyes only" ("AEO") will be treated as such pending any ruling by the Court regarding the protective order governing this matter; and (2) Allen will not seek to depose Grasso twice in his individual capacity (as opposed to his capacity as a Fed R. Civ. P. 30(b)(6) witness). (Exh. A, at 1.) Plaintiffs' request stems from the parties' dispute regarding whether the protective order in this matter should allow the parties to designate documents as AEO. Plaintiffs produced virtually all of the materials responsive to Allen's document requests in October (Exh. B), but withheld a small volume of competitively sensitive information about Beautiful Slides, Inc. (the "Company") on the ground that it should only be produced on an AEO basis.[1] Allen previously moved for a protective order excluding an AEO designation (Mot. for Prot. Ord., Oct. 26, 2017, Dkt. No. 41), but has now, inexplicably, withdrawn that motion and left the issue unresolved — presenting the risk that, if Allen deposes Grasso before the AEO documents are produced, Allen will later seek to depose Grasso again regarding those documents once the protective order dispute is resolved. Grasso offered to produce the information if Allen agrees to treat it as AEO pending resolution of the protective order issue so the deposition can proceed with all requested information, but Allen refused this offer. (Exh. A, at 2.)

The remainder of Allen's letter brief is a purported account of the history relating to the two deposition notices Allen served upon Grasso that omits numerous material facts, and unfortunately requires further briefing to correct. Contrary to Allen's assertions, both notices were improper for reasons unrelated to the fact that Plaintiffs' motions to dismiss Allen's state-law claims were pending. Nor did Plaintiffs ever claim discovery was "stayed" — as noted above, Plaintiffs produced documents to Allen. (Exh. B.) Instead, Plaintiffs simply requested that Grasso's deposition be taken after the Court ruled on Plaintiffs' motions to dismiss Allen's state-law counterclaims. That request was practically and legally sound.

**Allen's First Deposition Notice.** On August 18, Allen's counsel requested Grasso's availability during "the week of August 28th." (Exh. C, at 4-5.) Plaintiffs' counsel asked whether the

---

[1] *See, e.g., Altavion, Inc. v. Konica Minolta Sys. Labs., Inc.*, 226 Cal. App. 4th 26, 56 (2014) ("source code . . . . is unquestionably protectable by trade secret law"); *ODS Techs., L.P. v. Magna Ent'mt. Corp.*, No. CV 07–3265, 2008 WL 11343035, *1 (C.D. Cal. Oct. 24, 2008) ("It is common knowledge that a computer program's source code is a trade secret . . . .").

**Magistrate Judge Laurel Beeler**
**December 8, 2017**

deposition notice Allen intended to serve would "include a request to produce documents." (*Id.* at 4.)  Allen's counsel then disclosed, for the first time, that the notice would do so. (*Id.*)  Allen takes issue with Plaintiffs' position that the timeframe for document production Allen sought was unreasonable, but omits to mention the rule that a deposition notice requesting documents must give the responding party thirty days' notice of the deposition.  *See Guzman v. Bridgepoint Educ., Inc.*, No. 11–0069–WQH, 2014 WL 1670094, *2 (S.D. Cal. Apr. 28, 2014) ("[W]hen the deposition notice requires production of documents at the deposition, Rule 30(b)(2) dictates that 'reasonable notice' is provided as stated in Rule 34.  Rule 34(b)(2) states that the party to whom a request for production of documents is directed must respond within 30 days after service of the request.").  Plaintiffs justifiably declined to provide a date for the deposition during the week of August 28, as that would have fallen between 10-14 days after Allen's request to schedule the deposition.  Moreover, the notice Allen did serve, which Plaintiffs received on August 24 and which required a production by September 6 (Exh. D, at 1, 6) — confirmed Plaintiffs' concern that they would lack adequate time to produce responsive documents.  The notice sought 22 categories of documents, many of which were very broad (*e.g.*, "all non-privileged DOCUMENTS that reflect, refer or relate to the development of BEAUTIFUL SLIDES," and "all non-privileged DOCUMENTS that reflect, refer or relate to the assets of Beautiful Slides, Inc.") (*id.* at 3-4).

Further, Allen appears to suggest that, despite her improper demand that Grasso appear and produce documents at a deposition on 10-14 days' notice, Allen was willing all along to agree to whatever date Plaintiffs desired, citing her counsel's statement that "[w]e will serve a deposition notice but, of course, if we can reasonably reschedule the deposition to fit defense counsel's and Mr. Grasso's respective calendars, we will do so." (P. 1 *supra*.)  This is at odds with Allen's counsel's August 23 claim that a deposition during the week of August 28 was necessary because "[w]e are pressed for time to do discovery to aid settlement and to prepare for trial" (Exh. C, at 4) (even though the Court, at the time, had not yet adopted a pretrial schedule or trial date (*id.* at 3)).  Moreover, even after Plaintiffs served objections noting Allen's failure to provide the required thirty days' notice, Allen did not propose an alternative date complying with Rule 30(b)(2).

**Allen's Second Deposition Notice.**  On September 22, Allen's counsel wrote to Plaintiffs' counsel that "I am re-noticing Mitch Grasso's deposition for October 23, 2017 to resolve the 30-day issue," and "I'm assuming you are not going to produce Mr. Grasso for the other reasons you stated, so am not going to great lengths to find a mutually convenient date." (Exh. E, at 4.)  Plaintiffs' counsel reminded Allen's counsel of their obligation, under N.D. Cal. Local Rule 30-1, to "confer about the scheduling of the deposition with opposing counsel" "before noticing a deposition of a party or witness affiliated with a party," and noted that Plaintiffs' counsel was unavailable on October 23 due to scheduled court hearings. (*Id*.)  Allen's counsel responded that, "[i]f at any time you decide to actually produce your client for deposition between now and the 23rd, and the date presents a challenge, I invite you to let me know." (*Id.* at 3.)  When Plaintiffs' counsel pointed out that requiring production of documents before October 23 would not afford the notice required by Rule 30(b)(2), Allen's counsel accused Plaintiffs' counsel of "useless posturing and childish threats." (*Id.*)  Allen then served a deposition notice purporting to require Grasso's appearance on October 23, despite knowing Plaintiffs' counsel was unavailable on that date. (Exh. F.)  In light of Allen's disregard of Plaintiffs' counsel's unavailability and of Rule 30(b)(2), Allen's second deposition notice was invalid and Grasso was not required to appear.  *See, e.g., Karnazes v. County of San Mateo*, No. C 09–0767, 2010 WL 2035283, *2 (N.D. Cal. May 19, 2010) (defendants not required to appear for noticed depositions because "Plaintiff has failed to comply with Civil Local Rule 30-1, which requires Plaintiff to confer with opposing counsel prior to noticing any depositions," as "Plaintiff chose to ignore Defendants' availability and scheduled the depositions for times that Defendants were not available").

**Magistrate Judge Laurel Beeler**
**December 8, 2017**

**Plaintiffs' Motions to Dismiss.**  Allen does not discuss the above-described grounds for Plaintiffs' objections to the notices, instead focusing on Plaintiffs' request to schedule Grasso's deposition after the resolution of Plaintiffs' motions to dismiss Allen's state-law counterclaims. But even taken in isolation, Plaintiffs' request made eminent sense.  Allen's initial Counterclaim asserted seven claims — four alleging Grasso and Allen formed a partnership by way of their conduct (the "Non-Copyright Claims"), entitling Allen to an equal share of any profits resulting from the Beautiful Slides software application (the "Software"), and three seeking declaratory relief to the effect that Grasso and Allen are joint authors, for Copyright Act purposes, of the Software (the "Copyright Claims").  (Def.'s Countercl., Apr. 10, 2017, Dkt. No. 17, ¶¶ 27-69.) The Court dismissed the Non-Copyright Claims with leave to amend on August 31, 2017.  Allen filed an Amended Counterclaim asserting the same claims.  (Def.'s Am. Countercl., Sept. 18, 2017, Dkt. No. 37, ¶¶ 49-100.)  The Court dismissed those claims without leave to amend on December 4.

As the Copyright Claims solely concern whether Grasso and Allen jointly authored the Software, while the Non-Copyright Claims have to do with whether the parties agreed to share profits and management of the Company, those two sets of claims raised distinct legal and factual issues, making it reasonable for Grasso's deposition to occur after Plaintiffs' motions to dismiss the Non-Copyright Claims were resolved.  Moreover, the Court twice dismissed the Non-Copyright Claims, making clear that deposing Grasso as to the issues raised by those claims would have wasted time and resources.  Nor is Allen's suggestion that Grasso's deposition was urgently needed credible.  At the time Allen was demanding to depose Grasso during the week of August 28, the Court had not even entered a pretrial schedule. (Exh. C, at 3.)  By late September, when Allen renoticed Grasso's deposition for October 23, the Court had set a discovery cutoff for May 2018 — eight months after the parties' discussions were taking place. (Case Mgmt. Conf. Ord., Aug. 25, 2017, Dkt. No. 32.)  Moreover, Plaintiffs did not "implement their own stay of discovery" — rather, Plaintiffs produced documents and propounded and responded to discovery.  (Exh. B.)

Thus, Plaintiffs' request that Grasso not be deposed until the motions to dismiss the Non-Copyright Claims were resolved was proper.  *See In re Nexus 6p Prods. Liab. Litig.*, No. 17-cv-02185, 2017 WL 3581188, *2 (N.D. Cal. Aug. 18, 2017) (as "the pending motions to dismiss . . . can be decided without additional discovery," and "the Court's schedule requires that the trial be set for no earlier than the fall of 2020," a "limited stay of discovery does not unduly prejudice Plaintiffs"); *Chattler v. U.S.,* No. C-07-4040, 2008 WL 495702, *1 (N.D. Cal. Feb. 20, 2008) (as court "may 'stay[ ] discovery pending a hearing on [a] motion to dismiss' where the resolution of the motion does not require determination of factual issues," motion for discovery stay granted).  Finally, Allen's assertion that Plaintiffs, instead of serving written objections, should have sought a protective order (p. 2 *supra*) is incorrect.  Plaintiffs were not required to do so with respect to plainly invalid deposition notices — particularly given that Allen does not even appear to dispute that the notices failed to comply with Fed. R. Civ. P. 30(b)(2) and Local Rule 30-1. *See, e.g., Conforto v. Mabus*, No. 12cv1316-W, 2014 WL 12560881, *10 (S.D. Cal. Sept. 24, 2014) (as "Plaintiff was aware of the invalidity of her notices at least as early as August 11, 2014 when [defense counsel] objected to the notices and when counsel met and conferred about the objections," and "Plaintiff chose not to correct the errors, . . . Plaintiff's motion to compel the deposition . . . is DENIED").  Further, the Court's Standing Order does not permit discovery motions, and instead requires the parties to meet and confer, and file letter briefs regarding any remaining disputes, as the parties are doing at present.  (Order, Oct. 30, 2017, Dkt. No. 45-1, § III.4.)

**Plaintiffs' Compromise Position:**  The parties should choose a mutually acceptable date for Grasso's deposition during January 2018, provided that (1) any documents Plaintiffs designate as AEO will be treated as such pending any ruling by the Court regarding the protective order

**Magistrate Judge Laurel Beeler**
**December 8, 2017**

governing this matter; and (2) Allen will not seek to depose Grasso twice in his individual capacity.