# EXHIBIT A



Christopher Edgar <cedgar@alumni.stanford.edu>

## Further Meet and Confer Regarding MTC Appearance Letter Brief in BSI v. Allen

**Bill Frimel** <Bill@sffwlaw.com>  Thu, Dec 7, 2017 at 3:47 PM
To: Douglas Robbins <drobbins@woodrobbins.com>
Cc: Christopher Edgar <cedgar@stanfordalumni.org>, Greg Wood <gwood@woodrobbins.com>, Danielle Kendrick <dkendrick@woodrobbins.com>

Douglas,

You have done it again. You are still intentionally or mistakenly fighting positions that we are not taking. I clarify below. But first, you did not address my important question: "why did your office draft and file a motion concerning the AEO protective order issue, and a motion to compel Mr. Grasso's deposition, but then (i) drop the AEO motion, while (ii) continuing to assert the deposition motion?" As I mentioned, both motions were assigned to Magistrate Judge Beeler, but you pursued only the deposition motion knowing you would not have the AEO documents for the deposition.

As for the AEO issue, we are *not* asking Ms. Allen to "designate" or even accept that information will ultimately be covered by an AEO provision. We are suggesting that your office agree to treat the information as AEO pending an order from the court. So, to be very very clear, we propose:

(1) We produce information marked AEO;

(2) Your office will treat the information as AEO until the court declines to include an AEO designation in the protective order at which time the information will be re-designated as confidential; OR

(3) Your office will treat the information as AEO and maintain and honor the AEO designation if the court includes an AEO designation in the protective order. If the court authorizes an AEO designation you will still be able to challenge whether we have properly designated the information as AEO.

With this clarification, I reiterate what I said yesterday and two days ago: "In the interest of resolving the issue of the scheduling of Mr. Grasso's deposition without the need for the Court's intervention, we propose the following. We will (1) send proposed dates for Mr. Grasso's deposition during January 2018, and (2) produce the documents previously withheld from Mr. Grasso's document production on the ground that they required "attorneys' eyes only" protection, provided that Ms. Allen agrees that (a) pending any order by the Court regarding the protective order that may be entered in the future, those documents will be treated as attorneys' eyes only, and (b) Ms. Allen will not seek to take two depositions of Mr. Grasso in his individual capacity."

Bill

**From:** Douglas Robbins [mailto:drobbins@woodrobbins.com]
**Sent:** Thursday, December 7, 2017 10:39 AM
**To:** Bill Frimel <Bill@sffwlaw.com>
**Cc:** Christopher Edgar (cedgar@stanfordalumni.org) <cedgar@stanfordalumni.org>; Greg Wood <gwood@woodrobbins.com>; Danielle Kendrick <dkendrick@woodrobbins.com>
**Subject:** RE: Further Meet and Confer Regarding MTC Appearance Letter Brief in BSI v. Allen

Bill

Thanks for the clarification. Allen again declines the offer due to the two disagreeable contingencies Plaintiffs attach to the offer. It is true that a deponent who fails to produce documents owed prior to or at a deposition may be called back (within the 7 hour aggregate limit) to be deposed again after the documents have been produced. This is not extraordinary and Mr. Grasso is not himself the exception to this rule.

As far as the AEO designation of certain documents, you and I have discussed this in writing and in-person extensively. We simply disagree. Ms. Allen declines to designate documents she has not seen in advance as covered under the terms of a protective order, that currently does not exist; let alone designate these unknown documents as AEO under a future protective order--the terms of which you and I have stridently disagreed about.

Cordially,

**B. Douglas Robbins**

**WOOD ROBBINS LLP**

1 Post St., Suite 800

San Francisco. CA 94104

T: 415.247.7900 x204

F: 415.247.7901

www.woodrobbins.com

---

**From:** Bill Frimel [Bill@sffwlaw.com]
**Sent:** Wednesday, December 06, 2017 3:19 PM
**To:** Douglas Robbins
**Cc:** Christopher Edgar (cedgar@stanfordalumni.org); Greg Wood; Danielle Kendrick
**Subject:** RE: Further Meet and Confer Regarding MTC Appearance Letter Brief in BSI v. Allen

Douglas,

You are intentionally or mistakenly fighting positions that we are not taking.

You have misconstrued or mischaracterized our comments about appeal rights, to the extent you perceive them to exist. To be clear, we are not conditioning Mr. Grasso's deposition on the waiver of any appellate rights, to the extent such rights even exist.

We are not making the 30(b)(6) argument you would ascribe to us.  We are not asking Ms. Allen to waive a 30(b)(6) deposition.

Our concern with Mr. Grasso being deposed twice in his *individual capacity* stems from the AEO documentation.  We suspect you will first depose Mr. Grasso (in his individual capacity) without having possession of the AEO documentation and then try to depose him a second time (again, in his individual capacity) after the AEO documentation is produced.  In that regard, why did your office draft and file a motion concerning the AEO protective order issue, and a motion to compel Mr. Grasso's deposition, but then (i) drop the AEO motion, while (ii) continuing to assert the deposition motion.  Both

motions were assigned to Magistrate Judge Beeler, but you pursued only the deposition motion knowing you would not have the AEO documents for the deposition.

With the above clarifications, I reiterate what I wrote yesterday: "In the interest of resolving the issue of the scheduling of Mr. Grasso's deposition without the need for the Court's intervention, we propose the following. We will (1) send proposed dates for Mr. Grasso's deposition during January 2018, and (2) produce the documents previously withheld from Mr. Grasso's document production on the ground that they required "attorneys' eyes only" protection, provided that Ms. Allen agrees that (a) pending any order by the Court regarding the protective order that may be entered in the future, those documents will be treated as attorneys' eyes only, and (b) Ms. Allen will not seek to take two depositions of Mr. Grasso in his individual capacity."

Bill

---

**From:** Douglas Robbins [mailto:drobbins@woodrobbins.com]
**Sent:** Wednesday, December 6, 2017 11:57 AM
**To:** Bill Frimel <Bill@sffwlaw.com>
**Cc:** Christopher Edgar (cedgar@stanfordalumni.org) <cedgar@stanfordalumni.org>; Greg Wood <gwood@woodrobbins.com>; Danielle Kendrick <dkendrick@woodrobbins.com>
**Subject:** RE: Further Meet and Confer Regarding MTC Appearance Letter Brief in BSI v. Allen

Bill

I take your latest offer as withdrawing the previous condition vitiating Allen's appeal rights but imposing two new conditions. Ms. Allen declines the offer. Both conditions are inappropriate.

As you and I have already discussed extensively, Ms. Allen does not believe that the documents at issue warrant an AEO designation, and we have seen no evidence to date supporting the AEO designation argument.

On the issue of deposing Mr. Grasso "twice" we have never suggested that Mr. Grasso should be deposed "twice" in his "individual capacity." But if he is designated by BSI as their PMK under Rule 30(b)(6), then we cannot waive our right to depose the 30(b)(6) deponent simply because he had been previously deposed as an individual. The law on this point interpreting Rule 30(b)(6) time allotments was stated in *Sabre* which held that 30(b)(6) witnesses are "presumptively subject to a separate, independent seven-hour time limits." *Sabre v. First Dominion Capital, LLC*, No. 01CIV2145BSJHBP, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001). For nearly a decade, California federal courts have adopted the *Sabre* presumption. *See, e.g.*, *Stevens v. Corelogic, Inc*, No. 14CV1158 BAS (JLB), 2016 WL 397936, at *3 (S.D. Cal. Feb. 2, 2016) (citing the *Sabre* rule favorably); *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012) (citing *Sabre* favorably and quoting numerous authority in California in accord); *Kelly v. Provident Life & Acc. Ins. Co.*, No. 04CV807-AJB BGS, 2011 WL 2448276, at *4 (S.D. Cal. June 20, 2011) (embracing the *Sabre* rule); *Landmark Screens, LLC v. Morgan, Lewis & Brokius LLP*, No. C08-02581 JF(HRL), 2010 WL 3221859, at *2 (N.D. Cal. Aug. 13, 2010) ("It is clear that the fact that a party has already taken depositions of individuals does not insulate a corporation from producing *the same individuals* as corporate representatives to give Rule 30(b)(6) depositions on *the same topics*." (emphasis in original)); *Mitchell Eng'g v. City & Cty. of San Francisco*, No. C 08-04022 SI, 2010 WL 455290, at *1 (N.D. Cal. Feb. 2, 2010) (citing *Sabre* favorably); *Wesley v. Gates*, No. C 08-2719 SI, 2009 WL 1955997, at *1 (N.D. Cal. July 2, 2009) ("The Court finds that defendant is entitled to take the Rule 30(b) (6) of DJI Consulting, Inc. because 'the depositions of an individual who is noticed as an individual witness pursuant to Fed.R .Civ.P. 30(b)(1) and who is also produced as a corporate representative pursuant to Fed.R.Civ.P. 30(b)(6) are presumptively subject to independent seven-hour time limits.'" (citing and quoting *Sabre*)).

Cordially,

**B. Douglas Robbins**

# WOOD ROBBINS LLP

One Post St., Suite 800

San Francisco, CA 94104

T: 415-247-7900 x204

F: 415-247-7901

www.woodrobbins.com

---

**From:** Bill Frimel [mailto:Bill@sffwlaw.com]
**Sent:** Tuesday, December 05, 2017 8:54 PM
**To:** Douglas Robbins
**Cc:** Christopher Edgar (cedgar@stanfordalumni.org); Greg Wood; Danielle Kendrick
**Subject:** RE: Further Meet and Confer Regarding MTC Appearance Letter Brief in BSI v. Allen

Douglas,

In the interest of resolving the issue of the scheduling of Mr. Grasso's deposition without the need for the Court's intervention, we propose the following. We will (1) send proposed dates for Mr. Grasso's deposition during January 2018, and (2) produce the documents previously withheld from Mr. Grasso's document production on the ground that they required "attorneys' eyes only" protection, provided that Ms. Allen agrees that (a) pending any order by the Court regarding the protective order that may be entered in the future, those documents will be treated as attorneys' eyes only, and (b) Ms. Allen will not seek to take two depositions of Mr. Grasso in his individual capacity.

Note that this offer is not conditioned on the withdrawal of any right to appeal by Ms. Allen. Further, to be clear, in my email below, I was not proposing that Ms. Allen agree never to appeal the Court's order dismissing Ms. Allen's non-copyright claims without leave to amend, but that Ms. Allen agree not to attempt an interlocutory appeal from that order (to the extent you believe there is such a right), as permitting her to do so would present the risk that Ms. Allen's non-copyright claims would be reinstated while the litigation was pending, and thus a second deposition of Mr. Grasso regarding the issues raised by the non-copyright claims might be needed. In any event, as stated above, we are not requesting in the above proposal that Ms. Allen forfeit any right to take an appeal, whether interlocutory or otherwise.

Please let me know right away if we have reached a compromise such that the deposition letter brief is no longer necessary.

Bill

---

**From:** Bill Frimel
**Sent:** Sunday, December 3, 2017 1:09 PM
**To:** Douglas Robbins <drobbins@woodrobbins.com>
**Cc:** Christopher Edgar (cedgar@stanfordalumni.org) <cedgar@stanfordalumni.org>; Greg Wood <gwood@woodrobbins.com>; Danielle Kendrick <dkendrick@woodrobbins.com>
**Subject:** RE: Further Meet and Confer Regarding MTC Appearance Letter Brief in BSI v. Allen

Douglas,

Assuming the court issues an order dismissing the causes of action without leave to amend by this coming Tuesday, your proposed 30 day window would require a deposition to take place on or before January 4, 2018. I will be taking off the last two weeks of December, which, under your proposal, would require a deposition next week or the following. My schedule cannot accommodate that. I suggest we modify your proposal, subject to my comments below, to set the deposition on a mutually available date in January, 2018.

Although I agree that the court's order will likely dismiss the four causes of action without leave to amend, there are at least three other hypothetical alternatives/concerns. First, if the judge does not dismiss based on the failure to adequately allege an underlying partnership/joint venture, the judge indicated that each cause of action is subject to further analysis. I understood the judge to indicate that there may be additional consideration, argument, or even a second order, if she changes her mind and finds that an underlying partnership was adequately alleged. Accordingly, there may be an "order," but it may not immediately moot our concern. Second, although dismissal without leave to amend is the current indication coming from the judge, she could dismiss with leave to amend. Third, you have not indicated whether you will be seeking appellate relief if the judge dismisses without leave to amend.

Assuming the judge dismisses the causes of action without leave to amend, and Defendant May Allen confirms that she will not seek appellate review of the order, I propose we resolve the discovery dispute by scheduling Mr. Grasso's deposition on a mutually available date in January, 2018.

Please let me know what you think.

Bill

---

**From:** Douglas Robbins [mailto:drobbins@woodrobbins.com]
**Sent:** Friday, December 1, 2017 2:01 PM
**To:** Bill Frimel <Bill@sffwlaw.com>
**Cc:** Christopher Edgar (cedgar@stanfordalumni.org) <cedgar@stanfordalumni.org>; Greg Wood <gwood@woodrobbins.com>; Danielle Kendrick <dkendrick@woodrobbins.com>
**Subject:** Further Meet and Confer Regarding MTC Appearance Letter Brief in BSI v. Allen

Bill

Judge Chesney has indicated her intent to get her order out by next Tuesday. Based on my understanding of Plaintiffs' position, Chesney's order would moot our motion to compel Grasso's deposition.

If Plaintiffs will (1) set a hard date, (2) agreeing to produce Grasso for deposition within 30 days of the Court's Order, and (3) further agree to allow Allen to file a late letter brief in the event that Grasso does not show up for deposition within 30 days of the Court's order, then Allen will refrain from filing her letter brief to compel appearance and letter brief seeking sanctions next Friday.

Let me know if Plaintiff agrees.

Thanks,

**B. Douglas Robbins**

**WOOD ROBBINS LLP**

One Post St., Suite 800

San Francisco, CA 94104

T: 415-247-7900 x204

F: 415-247-7901

www.woodrobbins.com