WOOD ROBBINS, LLP
Gregory J. Wood (200780)
gwood@woodrobbins.com
B. Douglas Robbins (219413)
drobbins@woodrobbins.com
One Post Street, Suite 800
San Francisco, CA 94104
T: (415) 247-7900
F: (415) 247-7901

Attorneys for Defendant and Counterclaimant
MAY ALLEN

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAUTIFUL SLIDES, INC., a Delaware corporation; and MITCH GRASSO, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>MAY ALLEN, an individual,<br><br>Defendant.<br><br>AND RELATED CROSS ACTION. | Case No.: 3:17-cv-01091-MMC (LB)<br><br>**DEFENDANT AND COUNTERCLAIMANT MAY ALLEN'S OPPOSITION TO PLAINTIFFS AND COUNTER-DEFENDANTS' MOTION TO AMEND COMPLAINT AND CASE MANAGEMENT ORDER**<br><br>Date:         January 26, 2018<br>Time:        9:00 a.m.<br>Courtroom:  7<br>Judge: Hon.    Maxine M. Chesney |

Defendant and Counterclaimant May Allen ("Allen") opposes Plaintiffs and Counter-Defendants' ("Plaintiffs") Motion to Amend the Complaint and the Case Management Order ("Motion") on two simple and straightforward grounds:

1.      the proposed amendment is a sham, the sole purpose of which it avoid dismissing duplicative claims, and

2.      to amend the Case Management Order to allow Plaintiffs to amend, without giving Allen the same right, is patently unfair.

**A.      The Proposed Amended Complaint is a Sham.**

The Motion says the proposed amended complaint excludes from controversy all non-copyright claims but it does not. In the Prayer for Relief, Plaintiffs proposed amended version continues to ask for a declaration that "any rights associated with the Software asserted by Defendant are invalid." "Any rights" would necessarily include all state law claims, as well as other federal law claims. Indeed, the causes of action Plaintiffs basically seek to dismiss through this amendment are duplicative of the relief being sought by the surviving cause, albeit more specific in each case.

The proposed amended complaint, if made the operative complaint by this Court, would do nothing to the scope of the trial, discovery or otherwise. If Plaintiffs want to dismiss certain causes of action, it's not clear that Allen could stop them. That is not what is happening here.

**B.      To Amend the Case Management Order to Accommodate Plaintiffs' Desires Alone is Patently Unfair.**

There are additional state law claims not considered by this Court via the recent Motion to Dismiss, including quantum meruit claims. Allen would like to amend her Counterclaim to add these additional state law causes of action, but has not asked the Court because the date to amend has passed.

Now, Plaintiffs walk in and want to change the date for amending the pleadings to accommodate their interests. If Plaintiffs are allowed to amend, Allen should also be allowed to amend, period. The date shouldn't be changed after the fact, just to accommodate one side.

///

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion should be denied. If it is granted in any form, Allen should be allowed the opportunity to amend her Counterclaim to add additional state law claims not yet considered by this Court, thereby permitting Allen equal access.


Dated: December 28, 2017                              WOOD ROBBINS, LLP


                                                      By: */s/ Gregory J. Wood*
                                                      GREGORY J. WOOD
                                                      Attorneys for Defendant and
                                                      Counterclaimant MAY ALLEN